**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL JAMAL HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>    Defendant. | Civil Action No. 16-6474 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on the Motion to Dismiss of Defendant United States Postal Service ("Defendant"). (ECF No. 4.) Plaintiff Michael Jamal Harris, Sr. ("Plaintiff") filed opposition to the Motion (ECF No. 12) and Defendant filed a reply (ECF No. 13). The Court has considered Defendant's Motion without oral argument pursuant to Local Civil Rule 78.1.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a claimant to plead a "short and plain statement of the claim" entitling him to relief. Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not necessary, a claimant must plead enough facts to suggest more than pure speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, "[w]hile a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). When reviewing a Rule 12(b)(6) motion, a court should only consider the complaint, any exhibits attached, matters of public record, and documents forming the basis of the claim. *M & M Stone Co. v. Pennsylvania*, 388 F. App'x 156, 162 (3d Cir. 2010). Significantly, a

complaint may not be amended by a brief in opposition to a motion to dismiss. *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

Here, Plaintiff is suing Defendant for "violating the FMLA act, illegally holding pay, maintaining a hostile work environment, and retaliation for going to the labor board." (Compl. 8, ECF No. 1-1.) According to the Complaint, "[v]iolations occurred at the Riverside, NJ Post Office. Daryl A. Toombs and James Bullock did these violations." (*Id.*) While Plaintiff raises additional factual allegations in his opposition to Defendant's Motion, the Complaint itself contains no other factual allegations. Because the allegations in Plaintiff's Complaint are not sufficient to satisfy Rule 8(a), the Court finds good cause to grant Defendant's motion. The Court, however, also finds good cause to permit Plaintiff to file an amended complaint. Plaintiff should include all of the factual allegations underlying his lawsuit in his amended complaint.

Based on the foregoing, and for good cause shown, the Court GRANTS Defendant's Motion to Dismiss without prejudice. By **March 24, 2017**, Plaintiff may file an amended complaint. Failure to file an amended complaint will result in a dismissal of the Complaint with prejudice.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: February 24, 2017