**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHAEL J. HARRIS, SR., | |
| Plaintiff, | Civil Action No. 16-6474 (MAS) (DEA) |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES POSTAL SERVICE, | |
| Defendant. | |

**SHIPP, District Judge**

This matter comes before the Court on the United States Postal Service's ("Defendant" or "USPS") Motion to Dismiss Plaintiff Michael Harris's ("Plaintiff") Second Amended Complaint. (ECF No. 31.) Plaintiff filed opposition. (ECF No. 33.) The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Defendant's motion to dismiss is granted. The Second Amended Complaint is dismissed, without prejudice. Plaintiff will be provided one **final** opportunity to amend the Second Amended Complaint.

## I.    Background

*Pro se* Plaintiff Michael Harris is an employee of the USPS. (Def.'s Moving Br. 1, ECF No. 31-1.) On August 25, 2016, Plaintiff filed a Complaint with the Superior Court of New Jersey, Law Division, Special Civil Part, Mercer County (Not. of Rem. ¶¶ 2-3, ECF No. 1), and Defendant removed the matter to this Court (*id.* at 1). On October 26, 2016, Defendant moved to dismiss the Complaint. (ECF No. 4.) Plaintiff did not file timely opposition. On December 14, 2016, the Court entered a text order providing Plaintiff additional time to oppose the motion and notifying

Plaintiff that if no opposition was received, the Court would consider the motion unopposed. (ECF No. 6.) In response to the text order, Plaintiff claimed he did not receive the motion (ECF No. 8) and the Court again extended Plaintiff's time to oppose (ECF No. 10). On February 24, 2017, the Court granted Defendant's motion, dismissed the Complaint without prejudice, and provided Plaintiff an opportunity to amend the Complaint. (ECF Nos. 15, 16.) On March 24, 2017, Plaintiff filed an "Amended Complaint," which consisted of a one-page letter claiming that he is "accusing the USPS with are [sic] violating the FMLA act, retaliation, falsifying government documentation, maintaining a hostile work environment and, harassment" and attached approximately forty pages of exhibits. (ECF No. 18.) On June 7, 2017, Plaintiff filed a "Motion to Amend/Correct the Complaint." (ECF No. 19.) Plaintiff's motion included a copy of the proposed amended complaint, using the standard *pro se* form complaint, which referred the Court to documents previously mailed to the clerk's office "explaining the violations." (*Id.*) Defendant opposed the request to amend on the grounds that the proposed amendment failed to state a valid cause of action. (ECF No. 23.) The Magistrate Judge permitted the amendment and found that "although Plaintiff moves to amend, it appears as though Plaintiff solely seeks to use the proposed form Complaint as a cover sheet to the Amended Complaint." (Oct. 17, 2017 Mem. Op. 2, ECF No. 26.) In light of Plaintiff's *pro se* status, the Court construed docket entries 18 and 19 together as the operative Complaint, and titled it "Plaintiff's Second Amended Complaint." (*Id.* at 3, 4; ECF No. 27.) Defendant now moves to dismiss the Second Amended Complaint.

## II.    Discussion

"Federal Rule[] of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In addressing a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Philips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "Where, as here, a plaintiff is proceeding *pro se*, the complaint is 'to be liberally construed,' and 'however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Walsh v. Household Fin. Corp. III*, No. 15-4112, 2016 WL 6826161, at *2 (D.N.J. Nov. 17, 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007)). "While a litigant's *pro se* status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds *pro se*." *Id.* (quoting *Thaker v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010)).

On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). A district court is to conduct a three-part analysis when considering a Rule 12(b)(6) motion to dismiss. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* Second, the court must "review[] the complaint to strike conclusory allegations." *Id.* The court must accept as true all of plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are

sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

The Court finds that Plaintiff's "Second Amended Complaint" fails to meet the pleading requirements of Federal Rule of Civil Procedure 8(a). In order to satisfy the Rule, Plaintiff must provide the Defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotations omitted). Here, the Second Amended Complaint fails to provide Defendant sufficient notice of the claim or the factual basis for the causes of action. Plaintiff cannot simply list his causes of action, attach exhibits, and expect the Court and Defendant to determine the bases for each. Although attaching exhibits to a complaint is permissible, an exhibit is not a complaint and it is not proper to simply refer the Court to exhibits without more. *See Cade v. Alpha Project*, No. 08-2098, 2009 WL 2151859, at *3 (S.D. Cal. July 17, 2009). "Although this Court is sensitive to the challenges a *pro* [*se*] litigant faces, the Court cannot expect the Defendant[] to defend against claims that are not clearly and specifically alleged." *Pushkin v. Nussbaum*, No. 12-324, 2013 WL 1792501, at *4 (D.N.J. Apr. 25, 2013).

The Court will allow Plaintiff a **final** opportunity to amend the Complaint. Defendant has requested that the Court require that Plaintiff "file a complaint that contains a caption, identifies the appropriate defendant, and sets forth reasonably detailed facts and causes of action in numbered paragraphs in compliance with [Federal Rules of Civil Procedure] 8, 10(b), and 12(b)(6)." (Def.'s Moving Br. 20.) Defendant further requests that the Court requires Plaintiff to provide "factual specificity" that will allow Defendant to determine whether Plaintiff properly exhausted his administrative remedies. (*Id.* at 20 n.5.) As this is Plaintiff's third opportunity to amend the

4

Complaint, the Court finds good cause to require Plaintiff to comply with Defendant's requests. Plaintiff's Third Amended Complaint, therefore, must properly identify the parties, set forth the factual and legal basis for the claims in numbered paragraphs, with sufficient detail to comply with the Rules, and identify any administrative remedies Plaintiff pursued prior to filing this lawsuit.

## III.    Conclusion

For the reasons set forth above, Defendant's motion to dismiss is granted. Plaintiff will have two weeks to file a Third Amended Complaint. If Plaintiff does not timely file a Third Amended Complaint, the matter will be dismissed with prejudice. An order consistent with this Memorandum Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

**Dated:** May 16th, 2018