**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL J. HARRIS, SR.,

    Plaintiff,

v.

UNITED STATES POSTAL SERVICE,

    Defendant.

Civil Action No. 16-6474 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court upon Defendant United States Postal Service's ("Defendant") Motion to Dismiss Certain Counts pursuant to Federal Rules of Civil Procedure[1] 12(b)(1) and 12(b)(6). (ECF No. 42.) Pro se Plaintiff Michael Jamar Harris, Sr. ("Plaintiff") opposed. (ECF No. 45.) Defendant did not file a reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion to Dismiss Certain Counts is granted.

**I.    Background**

    The Court assumes the parties' familiarity with the facts as the background has been set forth in the Court's previous opinions. The Court, accordingly, will only reference the facts required to determine the instant motion. Defendant employs Plaintiff, and Plaintiff began his

---

[1] All references to Rules hereinafter refer to the Federal Rules of Civil Procedure, unless otherwise noted.

employment in or around 2006.² (Compl. ¶ 11, ECF No. 40.) In or around 2012, Plaintiff applied for FMLA intermittent leave to care for his disabled parents, and Defendant approved his request. (*Id.* ¶¶ 13-14.) Beginning in 2016, Defendant reprimanded Plaintiff on numerous occasions, due in part, to his taking time off from work to care for his disabled parents. (*Id.* ¶¶ 17-29.) Plaintiff further states he was wrongfully suspended because he took time off to recuperate from a leg injury. (*Id.* ¶¶ 24-25.)

On August 25, 2016, Plaintiff filed a complaint against Defendant. (Compl., ECF No. 1-1.) On October 25, 2016, Defendant filed a Motion to Dismiss pursuant to Rules 8(a) and 12(b)(6). (Def.'s Mot. to Dismiss, ECF No. 4.) On February 24, 2017, the Court granted Defendant's Motion to Dismiss without prejudice and found good cause to allow Plaintiff to file an amended complaint. (Mem. Op., Feb. 24, 2017, ECF No. 15.)

On March 24, 2017, Plaintiff filed his Amended Complaint. (Am. Compl., ECF No. 18.) On June 3, 2017, Plaintiff moved to amend and correct his Amended Complaint. (Pl.'s Mot. to Am., ECF No. 19.) On October 17, 2017, the Magistrate Judge ordered that Docket Entry numbers 18 and 19 constituted Plaintiff's Second Amended Complaint. (Order, Oct. 17, 2017, ECF No. 26.) Defendant then filed a Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Rules 8(a) and 12(b)(6). (Def.'s Mot. to Dismiss, Nov. 14, 2017, ECF No. 31.) The Court granted Defendant's Motion to Dismiss on May 16, 2018, and provided Plaintiff with an opportunity to amend the Second Amended Complaint. (Mem. Op., May 16, 2018, ECF No. 36.)

On June 27, 2018, Plaintiff filed his Third Amended Complaint. (Third Am. Compl., ECF No. 40.) The first count of the Third Amended Complaint asserts, "Defendant interfered with [his] FMLA rights by failing to provide [him] with individualized notice of [his] FMLA rights . . . . As

---

² For purposes of the instant motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

2

a result of Defendant's action as described above, Defendant violated the FMLA causing [him] to suffer damages." (*Id.* ¶¶ 36-38.) Plaintiff's second count contends, "Defendant retaliated against [him] for exercising [his] FMLA rights by disciplining him for taking FMLA-protected absences." (*Id.* ¶ 40.) Plaintiff's third count asserts, "Defendant interfered with [his] NJFLA rights by failing to provide Plaintiff with individualized notice of [his] NJFLA rights." (*Id.* ¶ 7.) Finally, in his fourth count, Plaintiff states, "Defendant retaliated against [him] for exercising [his] NJFLA rights by disciplining him for taking NJFLA-protected absences . . . [and a]s a result of Defendant's unlawful actions, [he] has and continues to suffer damages." (*Id.* ¶ 12-13.)

## II. Analysis

Defendant moves to dismiss certain counts of Plaintiff's Third Amended Complaint pursuant to Rules 12(b)(6) and 12(b)(1). (Def.'s Mot., ECF No. 42.) The Court will address each in turn.

### A. Rule 12(b)(6)

In addressing a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to [P]laintiff, and determine whether, under any reasonable reading of the complaint, . . . [P]laintiff may be entitled to relief." *Phillips*, 515 F.3d at 233 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002). When reviewing a Rule 12(b)(6) motion, "a court should 'consider only the allegations in the complaint, exhibits attached . . . , matters of public record, and documents that form the basis of a claim.'" *M & M Stone Co. v. Pa.*, 388 F. App'x 156, 162 (3d Cir. 2010) (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004)). When a plaintiff proceeds pro se, the plaintiff's pleadings, "however inartfully pleaded . . . [are held] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not

3

absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Defendant first moves to dismiss under Rule 12(b)(6) Plaintiff's request for punitive, pain and suffering, and emotional distress damages. (Def.'s Moving Br., ECF No. 42-3.) Defendant contends the FMLA does not support such damages and, therefore, Plaintiff may not recover such damages. (*Id.* at 6.) Defendant cites the plain language of the statute, which provides for monetary damages, liquidated damages, equitable remedies, attorney's fees, expert witness fees and other costs. (*Id.*) *See* 29 U.S.C. § 2617(a)(1)(A)(i)-(iii). Defendant asserts that the comprehensive remedies made available under section 2617 strongly indicate that the aforementioned damages are the exclusive remedies available under the FMLA. (*Id.*)

Plaintiff's opposition does not directly address Defendant's assertion regarding punitive, pain and suffering, and emotional distress damages. (Pl.'s Opp'n, ECF No. 45.) Plaintiff responds by reiterating "[t]he [P]ost [O]ffice willingly and knowingly violated the FMLA" and Defendant "willingly and knowingly retaliated against" him. (*Id.* at 1.)

In *Brown v. Nutrition Management Services, Co.*, the Third Circuit opined that punitive, pain and suffering, and emotional distress damages are not recoverable under the FMLA. 370 F. App'x 267, 270 n.3 (3d Cir. 2010). Other courts in this district have since interpreted the Third Circuit's statement as confirmation that the FMLA does not permit recovery for those types of damages. *See e.g., Zawadowicz v. CVS Corp.*, 99 F. Supp. 2d 518, 540 (D.N.J. 2000) (finding the plaintiff conceded that punitive damages and damages for emotional distress are unavailable under the FMLA); *see also Marrero v. Integrity House, Inc.*, No. 16-5968, 2018 WL 4462499, at *6 (D.N.J. Sept. 17, 2018) (citation omitted) (finding punitive damages are not recoverable under the FMLA); *Sweet v. Cty. of Gloucester*, No. 15-282, 2016 WL 3448275, at *9 n.4 (D.N.J. June 15,

4

2016) (citation omitted) (finding emotional distress damages non-compensable under the FMLA). Accordingly, because the FMLA does not permit recovery for punitive, pain and suffering, and emotional distress damages, the Court grants with prejudice Defendant's Motion to Dismiss under Rule 12(b)(6) and dismisses Plaintiffs' request for punitive, pain and suffering, and emotional distress damages with prejudice.

B.     **Rule 12(b)(1)**

Defendant further moves to dismiss certain portions of Plaintiff's Third Amended complaint under Rule 12(b)(1). (Def.'s Moving Br. at 4.) Defendant argues Plaintiff has failed to carry his burden of establishing the Court has jurisdiction to hear Plaintiff's NJFLA claims, and frames it's assertion in terms of sovereign immunity. (*Id.* at 4-5.)

In response, Plaintiff contends "the USPS does [not] have immunity in this case. The USPS has immunity in claims arising out of the loss, miscarriage or negligent transmission of letter or postal matter." (Pl.'s Opp'n at 1.) In support of his assertion, Plaintiff cites 39 U.S.C. § 409, which discusses suits by and against the United States Postal Service. (*Id.* at 1-2.)

"Federal courts have limited jurisdiction and are permitted to adjudicate cases and controversies only as permitted under Article III of the Constitution. U.S. Const. art. III, § 2. Unless affirmatively demonstrated, a federal court is presumed to lack subject matter jurisdiction." *Singh v. Holder*, No. 14-387, 2015 WL 1399055, at *3 (Mar. 25, 2015) (citing *Phila. Fed'n of Teachers v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998)). "Under a [Rule] 12(b)(1) motion, unlike a [Rule] 12(b)(6) motion, the plaintiff bears the burden of persuasion." *Cunningham v. Lenape Reg'l High Dist. Bd. of Educ.*, 492 F. Supp. 2d 439, 446 (D.N.J. 2007) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991); *see also Church of the Universal Bhd. v. Farmington Twp. Supervisors*, 296 F. App'x 285, 288 (3d Cir. 2008) (citations omitted) ("[T]he party asserting subject matter jurisdiction bears the burden of proving that it exists."). The Court

finds Plaintiff has not met his burden in demonstrating that the Court has subject matter jurisdiction over his NJFLA claim. Plaintiff has failed to identify how 39 U.S.C. § 409, or any other controlling law, would provide the Court with subject matter jurisdiction over a state law claim alleged against the United States Postal Service. The Court, accordingly, dismisses without prejudice Counts Three and Four of Plaintiff's Third Amended Complaint.

## III. Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss certain portions of Plaintiff's Third Amended Complaint is **GRANTED**. Plaintiff's request for punitive, pain and suffering, and emotional distress damages is **DISMISSED WITH PREJUDICE**. Counts Three and Four of Plaintiff's Complaint are **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an amended complaint within fourteen days. If Plaintiff fails to file an amended complaint within fourteen days of the issuance of this Memorandum Opinion and accompanying Order, the Court will dismiss with prejudice Counts Three and Four of Plaintiff's Third Amended Complaint.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE