**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

MICHAEL HARRIS, SR.,

    Plaintiff,

v.

UNITED STATES POSTAL SERVICE,

    Defendant.

Civil Action No. 16-6474 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Defendant United States Postal Service's ("Defendant") Motion to Dismiss. (ECF No. 59.) Defendant filed the Motion in response to *pro se* Plaintiff Michael Harris's ("Plaintiff") most recent complaint.[1] (ECF No. 54.) Plaintiff opposed (ECF No. 60) and Defendant replied (ECF No. 61). The Court has carefully considered the arguments and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, the Court grants Defendant's Motion to Dismiss.

**I. BACKGROUND**[2]

Defendant hired Plaintiff as a mail carrier in or around 2006. (TAC ¶ 11.) Approximately six years later, Plaintiff began to require time off to care for his disabled parents and was approved

---

[1] For reasons developed in this Opinion, the Court construes Plaintiff's "amended complaint" as a supplement ("Supplement," ECF No. 54) to the Third Amended Complaint ("TAC," ECF No. 40).

[2] In ruling on a motion to dismiss, the Court construes all well-pled facts alleged in the Complaint as true and in the light most favorable to Plaintiff. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)); *see also Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). As necessary, the Court notes where Defendant asserts additional or contradictory facts.

for intermittent leave under the Family Medical Leave Act, 29 U.S.C. § 2601 ("FMLA"). (*Id.* ¶¶ 12-14). After Daryl Toombs ("Toombs") was hired as postmaster at Plaintiff's workplace in 2015, Plaintiff informed Toombs of his leave arrangements. (*Id.* ¶¶ 15-16.)

On February 18, 2016, Toombs and supervisor James Bullock[3] "sent Plaintiff home without pay for five days," without providing Plaintiff a reason for doing so. (*Id.* ¶¶ 17-18.) Believing the suspension was retaliatory, Plaintiff reported it to the New Jersey Department of Labor and Workforce Development. (*Id.* ¶ 19.) Subsequently, Defendant suspended Plaintiff for seven days, which Plaintiff believed was in retaliation for his report. (*Id.* ¶ 20.)

Plaintiff continued to take intermittent FMLA leave to care for his parents between May and September 2016. (*Id.* ¶ 22.) Meanwhile, on or around August 8, 2016, Plaintiff injured his leg and informed a supervisor he needed time off to recuperate. (*Id.* ¶¶ 23-24.) On or around September 29, 2016, Toombs suspended Plaintiff for two weeks for "failure to maintain regular attendance." (*Id.* ¶ 25.) Plaintiff "complained to Defendant about his suspension," noting he was recuperating from his injury during the missed days and should have qualified for FMLA leave. (*Id.* ¶¶ 26-28.)

Plaintiff initiated this action in the Superior Court of New Jersey, Mercer County, Law Division, Special Civil Part, on August 25, 2016. (Def.'s Notice of Removal, Ex. A 3-4, ECF No. 1-1.)[4] In his initial complaint, Plaintiff stated he was suing Defendant for "[v]iolating the FMLA act, illegally [with]holding pay, maintaining a hostile work environment, and retaliation for going to the Labor board. Violations occurred at the Riverside, New Jersey Post Office. Daryl A.

---

[3] The TAC does not make clear who Bullock supervised. Plaintiff merely identifies him as "Defendant's Supervisor James Bullock." (*Id.* ¶ 17.)

[4] For the parties' convenience, this citation refers to ECF page numbers.

Toombs and James Bullock did these violations."[5] (*Id.*) Plaintiff pled no other facts. Defendant removed the matter to this Court (Def.'s Notice of Removal, ECF No. 1) and moved to dismiss the initial complaint on October 25, 2016 (Def.'s Mot. to Dismiss, ECF No. 4).

In a Memorandum Opinion, the Court granted Defendant's Motion but "[found] good cause to permit Plaintiff to file an amended complaint," advising that "Plaintiff should include all factual allegations underlying his lawsuit in his amended complaint." (Feb. 24, 2017 Op. 2, ECF No. 15.) On March 24, 2017, Plaintiff filed an Amended Complaint consisting of a one-paragraph cover letter and forty-five pages of attachments, none of which were explicitly referenced in the Amended Complaint itself. (Am. Compl., ECF No. 18.) On June 7, 2017, Plaintiff moved to amend his complaint, listing the "FMLA Act, False Claims Act, Fair Labor Standards Act, Labor/Management Relations, and other Labor Litigation" as the basis for federal jurisdiction and instructing the Court to refer to previously filed documents for factual allegations and explanations. (Pl.'s Notice of Mot. to Am. 2-4, ECF No. 19.) Responding to the latter filing only, Defendant moved to dismiss the Amended Complaint (Def.'s Mot. to Dismiss Am. Compl., ECF No. 23), which Plaintiff opposed (Pl.'s Mem. in Supp. of Mot. to Am., ECF No. 24). The Honorable Judge Douglas E. Arpert, U.S.M.J., ordered that Plaintiff's two submissions be construed as the Second Amended Complaint. (Oct. 17, 2017 Order, ECF No. 26.)

Defendant filed a Motion to Dismiss the Second Amended Complaint on November 14, 2017. (Def.'s Mot. to Dismiss Second Am. Compl., ECF No. 31.) The Court granted the Motion, dismissing Plaintiff's Second Amended Complaint without prejudice. (May

---

[5] The Court previously ordered Plaintiff to "identify all Defendants" to permit proper notice and service as required under Rule 4. (May 16, 2018 Order ¶ 2.) The United States Postal Service, however, remains the only named defendant in this matter.

3

16, 2018 Order ¶ 1, ECF No. 37.) The Court specifically noted Plaintiff's third amended complaint must: "(i) contain a caption; (ii) identify all Defendants; (iii) set forth reasonably detailed facts and causes of action in numbered paragraphs; and (iv) provide details about any administrative remedies Plaintiff pursued prior to filing this lawsuit." (*Id.* ¶ 2.)

On June 27, 2018, Plaintiff filed a Third Amended Complaint ("TAC"), bringing two counts against Defendant under the FMLA and two counts under the New Jersey Family Leave Act ("NJFLA") (N.J. Stat. Ann. § 34:11B–1 (West 1989)). (TAC 5-6.)[6] On July 25, 2018, Defendant filed a Partial Motion to Dismiss the TAC, to which Plaintiff replied. (Partial Mot. to Dismiss, ECF No. 42; Pl.'s Opp'n Br., ECF No. 45.) The Court granted Defendant's motion, noting the TAC failed to establish that the Court could hear Plaintiff's state law claims, which he brought against a federal entity. (Nov. 7, 2018 Mem. Op., ECF No. 48.) The Court granted Plaintiff permission to file an amended complaint addressing this deficiency, but further provided that "[i]f Plaintiff fails to [do so] . . . the Court will dismiss with prejudice [the NJFLA counts] of Plaintiff's [TAC]." (*Id.* at 6.)

On November 29, 2018, Plaintiff filed the instant "amended complaint," requesting in the first numbered paragraph that "[t]his amendment . . . be added to the third amended complaint." (Suppl. ¶ 1, ECF No. 54.) Pursuant to that request, because Plaintiff's latest "amended complaint"

---

[6] The TAC is the first court filing in which Plaintiff brings an NJFLA claim. In a later court filing, Plaintiff avers he paid a lawyer to prepare the TAC for him. (Pl.'s Opp'n Br. 1.) The lawyer is not acknowledged or identified in the TAC, which concludes with the electronic signature of "MICHAEL HARRIS, *pro se*." (TAC ¶ 7.) Because the Court was unaware that an attorney drafted the TAC, and there was no attorney of record listed, the Court construed the TAC liberally when addressing Defendant's Motion to Dismiss. (*See* Nov. 7, 2018 Op. at 3.) In an abundance of caution, and in light of the ambiguity surrounding Plaintiff's *pro se* status, the Court continues to apply the liberal review standard. *See Phillips*, 515 F.3d at 233.

4

raises allegations and claims not included in the TAC,[7] and for further reasons elaborated in the discussion below, the Court construes Plaintiff's "amended complaint" as a Supplement to Plaintiff's TAC. (*Id.*; *see also* TAC.)

The Supplement does not address the Court's previous directive to demonstrate the Court's ability to hear Plaintiff's state law claims. Instead, the Supplement lists three additional counts: Counts V, VI, and VII. (*Id.*) In Count V, the Supplement makes a claim for document fraud under 8 U.S.C. § 1324c, a subsection of the Aliens and Nationality Act, listing fives dates on which Toombs "forged false paperwork" and alleging that Toombs "signed other supervisors' names on government paperwork." (*Id.* ¶¶ 6-13.) Plaintiff pleads no other supporting facts. In Count VI, Plaintiff alleges Defendant maintained a hostile work environment, stating in full:

> On 11/17/15 Supervisor Sahid Williams filled out a [questionnaire] for Plaintiff Harris. Supervisor Williams admitted to maintaining a hostile work environment. On 11/18/15 Supervisor Amar Patel filled out a [questionnaire] for Plaintiff Harris. Supervisor Patel admitted to maintaining a hostile work environment. As a result of Defendants' actions as described above, Plaintiff [has] suffered damages.

(Suppl. ¶¶ 14-18) (paragraph breaks omitted). Finally, in Count VII, the Supplement asserts a claim for harassment, providing:

> On 9/19/18[8] Plaintiff Harris and [Defendant] had a court date. Postal Service rule 516.11 states that [Plaintiff] should be paid for the court leave. Postal Service Attorney Lori L. Markle instructed [Postmaster] Joe Potts to not pay me for my court leave. [Potts] refused to pay [Plaintiff] for [C]ourt leave. On 10/22/18 [Potts] gave [Plaintiff] a copy of [Markle's] E-mail letter. That instructed Potts not to pay me. [Potts] gave me another letter from [Markle]. In the letter [Markle] goes in detail about the 9/19/18 court date. [Markle]

---

[7] The Court acknowledges Plaintiff referenced these claims in earlier filings but emphasizes that Plaintiff did not raise these claims in his TAC. *See Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint super[s]edes the original version . . . .").

[8] Judge Arpert held an Initial Scheduling Conference with Plaintiff and Defendant September 19, 2018. (Min. Entry for Initial Pretrial Conference, ECF No. 46.)

5

talked about [Plaintiff] complaining at the 9/19/18 court date. [Markle] wasn't at the 9/19/18 court date. [Markle] never [met] [Plaintiff] on 9/19/18 or before that date. [Markle] is going out of her way to harass [Plaintiff]. As a result of the Defendants' actions as described above, Plaintiff has suffered damages.

(*Id.* ¶¶ 19-30) (paragraph breaks omitted).

Defendant filed the instant Motion to Dismiss on December 21, 2018, asking the Court to dismiss the new counts in the Supplement and to permit no further amendments. (Def.'s Moving Br., ECF No. 59-2.) Defendant attached a declaration by Lori Markle, an attorney for Defendant in the Eastern Law Department, affirming that the above-quoted portion of the Supplement refers to Plaintiff's efforts to secure court leave. (Def.'s Motion to Dismiss, Markle Decl. ¶ 9, ECF No. 59-1.) The Markle declaration further states that Plaintiff, a union employee, lodged a grievance relating to Defendant's decision regarding court leave and that the "grievance and arbitration process . . . is not yet exhausted." (*Id.* ¶¶ 10, 12.)

## II. <u>LEGAL STANDARD</u>

In addressing a motion to dismiss under Federal Rule of Civil Procedure[9] 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to . . . [P]laintiff, and determine whether, under any reasonable reading of the complaint . . . [P]laintiff may be entitled to relief." *Phillips*, 515 F.3d at 233 (quotation omitted). In reviewing a Rule 12(b)(6) motion, "a court should 'consider only the allegations in the complaint, exhibits attached . . . matters of public record, and documents that form the basis of a claim.'" *M & M Stone Co. v. Pa.*, 388 F. App'x 156, 162 (3d Cir. 2010) (quoting *Lum*, 361 F.3d at 221. A complaint may not be amended by briefs submitted in opposition to a motion to dismiss.

---

[9] Hereinafter, unless otherwise noted, "Rule" refers to the Federal Rules of Civil Procedure.

*Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citation omitted).

### III. **DISCUSSION**

Plaintiff may proceed with the FMLA claims raised in the TAC. For the following reasons, however, the Court dismisses with prejudice Plaintiff's Supplement and Plaintiff's NJFLA claims, which are included as Counts III and VI of the TAC.

#### A. **The Court Dismisses Plaintiff's Supplement**

The Court previously granted Plaintiff a final opportunity to demonstrate the Court's ability to hear his state law claims. (Nov. 7, 2018 Mem. Op. 6.) Instead, Plaintiff filed the Supplement, which did not address the Court's previous directive and raised fresh claims not appearing in the TAC. Defendant makes three arguments for why the Court should dismiss the Supplement, asserting it: (1) violates both Rule 15(d) and the Court's previous orders; (2) fails to meet the pleading standards required by Rules 8(a) and 9(b); and (3) fails to state a claim on which relief can be granted under Rule 12(b)(6). (Def.'s Moving Br. 1, 10, 12.) Plaintiff does not directly counter these arguments in his Opposition, but instead asks the Court to review the Supplement liberally because he proceeds *pro se*. (Pl.'s Opp'n Br. 1, ECF No. 60.)

Rule 15(d), which governs supplemental pleadings, states that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Rule 15(d) is subject to the same liberal standards applicable under [Rule] 15(a), and "leave to file a supplemental complaint should be freely permitted in the absence of undue delay, bad faith, dilatory tactics, undue prejudice to defendants, or futility, and when the supplemental facts are

connected to the original pleading." *7-Eleven, Inc. v. Sodhi*, No. 13-3715, 2016 WL 541135, at *8 (D.N.J. Feb. 9, 2016) (quoting *Hassoun v. Cimmino*, 126 F. Supp. 2d 353, 361 (D.N.J. 2000)).

Here, the Court declines to consider the claims raised in the Supplement due to both undue delay and futility. "[T]he passage of time [alone]" does not require the Court to deny Plaintiff's supplement, yet, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Adams v. Gold Inc.*, 739 F.2d 858, 868 (3d Cir. 1984) (citing *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982) ("Mere passage of time need not result in a denial of leave to amend, but delay becomes fatal at some period of time . . . . When there has been an apparent lack of diligence, the burden shifts to the movant to prove that the delay was due to excusable neglect.")).

In this case, the matter has been pending for almost three years and the Court has given Plaintiff numerous opportunities to amend his complaints. The events listed in Count V and Count VI occurred prior to Plaintiff filing his TAC. Indeed, Plaintiff included these claims in earlier, supplanted versions of the complaint (*see* Am. Compl.; Pl.'s Mem. in Supp. of Mot. to Am.), but failed to include these claims in the TAC. As stated earlier, "[a]n amended complaint super[s]edes the original version," and here, Plaintiff has failed to provide a persuasive explanation for why he did not reallege those claims in his TAC. *Snyder*, 303 F.3d at 276.

Moreover, the Court finds it would be futile to allow Plaintiff to continue to pursue his newly raised claims. The Court has previously afforded Plaintiff several opportunities to plead cognizable claims against Defendant, including those contained within the Supplement, yet Plaintiff has failed to do so. As will be discussed further below, the Supplement again fails to state a claim upon which relief can be granted, and the Court declines to permit a renewed round of

amendments to cure those deficiencies. This matter has been pending for several years, and as Defendant notes, "[a]ll parties will benefit from this litigation proceeding and then reaching a conclusion within a reasonable time frame." (Def.'s Moving Br. 25; *see also id.* at 10 ("[I]t is not 'just' at this point for [Plaintiff] to transform a civil action that finally had some definable contours under the TAC and this Court's orders into a sprawling and ill-defined catch-all . . . .").) *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002) (noting a plaintiff whose complaint fails to state a cause of action is entitled to amend her complaint unless doing so would be inequitable or futile).

### B. Plaintiff's Supplemental Claims Fail to Satisfy Rule 8 and Rule 9

According to Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his [or her] "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). A court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). While it is true that "a litigant's *pro se* status requires a court to construe the allegations in the complaint liberally . . . a

9

litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds *pro se*." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). The Court has previously apprised Plaintiff of these requirements, ordering Plaintiff to "include all factual allegations underlying his lawsuit in his amended complaint" (Feb. 24, 2017 Op. 2) and "set forth reasonably detailed facts and causes of action" (May 16, 2018 Order ¶ 2).

Here, the Supplement fails to meet the requisite pleading standard. Plaintiff brings Count V, the document fraud claim, under 8 U.S.C. 1324c, an inapplicable subsection of the Aliens and Nationalities Act.[10] Plaintiff also fails to identify a legal basis for either Count VI (maintaining a hostile work environment)[11] or for Count VII (harassment), and those Counts include only bald, conclusory allegations.[12] (Suppl. ¶¶ 6-18.) Although Count VII describes a dispute between Plaintiff and two of Defendant's employees over Plaintiff's eligibility for court leave, the Supplement does not plead facts to show the dispute constitutes harassment. (Suppl. ¶¶ 19-28.)

---

[10] Notwithstanding the fact that the statute is inapplicable, 8 U.S.C. § 1324c does not create a private right of action. *See United States v. Richard Dattner Architects*, 972 F. Supp. 738, 743-44 (S.D.N.Y. 1997) ("[T]he section that seems to prohibit submission of a false certification application . . . provides only for governmental investigation and enforcement, and provides no evidence that Congress intended a private right of action in favor of domestic workers.")

[11] To the extent that Plaintiff's statements regarding a hostile work environment may be construed as a claim under either the Rehabilitation Act or Title VII, Plaintiff has failed to plead sufficient facts to allege the claim. *See Marley v. Donahue*, 133 F. Supp. 3d 706, 715-16 (3d Cir. 2015); *see also Mandel v. M&Q Packing Corp*, 706 F.3d 157, 167 (3d Cir. 2013); *Davis v. City of Newark*, 285 F. App'x 899, 902 (3d Cir. 2008); *Lampkin v. Donahoe*, No. 14-5686, 2016 WL 7030430, at *17 (D.N.J. Dec. 1, 2016).

[12] Defendant argues Plaintiff's harassment claim must be dismissed because it concerns an ongoing grievance process under his union agreement, which has not yet exhausted the administrative process. (Def.'s Moving Br. 21.) Plaintiff argues he has exhausted his administrative remedies in his reply brief. (Pl.'s Opp'n Br. ¶ 50.) Given the time that has elapsed between and since these court filings, it is unclear where the process currently stands. The Court, however, dismisses this claim on other grounds, and therefore need not reach this issue.

Additionally, Plaintiff's document fraud allegation fails to meet the heightened pleading standard required under Rule 9(b). "In alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). "A plaintiff alleging fraud must therefore support its allegations 'with all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where and how of the events at issue.'" *United States ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016) (quoting *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002)). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).

Here, Plaintiff states in a conclusory manner that forgery occurred, but pleads no facts to support that assertion. (Suppl. ¶¶ 6-13.) For example, he does not identify the paperwork forged, the manner in which it was falsified, or how these actions harmed Plaintiff. (*Id.*) *See United States. ex rel. Moore and Co.*, 812 F.3d at 307. For these reasons, even construing the Supplement liberally in light of Plaintiff's *pro se* status, the Court must dismiss the claims presented in the Supplement for failing to meet the required pleading standard under Rules 8(a) and 9(b).

### C. The Court Already Dismissed with Prejudice Plaintiff's Request for Punitive, Pain and Suffering, and Emotional Distress Damages

The Court has already dismissed with prejudice Plaintiff's request for punitive, pain and suffering, and emotional distress damages. (*See* Nov. 7, 2018 Op. 4-5 (noting the Third Circuit's position that these types of damages are not recoverable under the FMLA).) *See Brown v. Nutrition Mgmt. Serv., Co.*, 370 F. App'x 267, 270 n.3 (3d Cir. 2010). Because Plaintiff's FMLA counts are the only surviving claims, the Court again dismisses Plaintiff's request for punitive, pain and suffering, and emotional distress damages.

### D. Plaintiff's NJFLA Claims Are Dismissed with Prejudice

In its November 7, 2018 Memorandum Opinion, the Court granted Plaintiff a final opportunity to amend the TAC to address the Court's ability to entertain Plaintiff's NJFLA claim. (*See* Nov. 7, 2018 Mem. Op. 6 ("If Plaintiff fails to file an amended complaint within fourteen days . . . the Court will dismiss with prejudice" Plaintiff's NJFLA claims.)). Instead, Plaintiff filed the Supplement, which did not address the Court's concerns. The Court, accordingly, dismisses with prejudice Counts II and IV of the TAC.[13]

### E. **CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss is granted. The TAC remains the operative pleading, and Plaintiff may continue to litigate his FMLA claims included in Counts I and II of the TAC. The Court dismisses with prejudice Plaintiff's NJFLA claims (Counts III and VI of the Third Amended Complaint), and also dismisses with prejudice the Supplement (Counts V, VI, and VII). The Court will enter an Order consistent with this Memorandum Opinion.

s/Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Date:** July 12, 2019

---

[13] Notably, it is unclear whether Plaintiff even intended to raise the NJFLA claims. The first time Plaintiff raised the NJFLA claim was in the TAC, which Plaintiff alleges an attorney prepared for him. (Pl.'s Opp'n Br. 1.) The counts in the TAC, at times, reference Plaintiff using feminine pronouns, and the paragraphs in the NJFLA counts are not numbered sequentially with the rest of the document. (*See* TAC ¶¶ 36, 40, and second instance of ¶¶ 7, 12.) Moreover, Plaintiff's opposition brief to Defendants' Third Motion to Dismiss conspicuously omits any mention of the two NJFLA claims. (Pl.'s Opp'n Br. ¶¶ 1-50.)